**UNITED STATES of America,**
**Plaintiff,**

v.

**Ferris J. ALEXANDER, Kenneth Le-**
**Londe and Edward J. Alexander,**
**Defendants.**

No. 4–61 Misc. 7.

United States District Court
D. Minnesota,
Fourth Division.

Dec. 12, 1961.

Charles W. Kennedy, of Bradford &
Kennedy, Wadena, Minn., and Keith D.
Kennedy, Minneapolis, for defendants in
support of motion.

Miles Lord, U. S. Atty., J. Earl Cudd,
Asst. U. S. Atty., St. Paul, Minn., and
Murray L. Galinson, Asst. U. S. Atty.,
Minneapolis, Minn., for plaintiff in op-
position thereto.

NORDBYE, District Judge.

This matter comes before the Court
on the defendants' motion for an order
suppressing for use as evidence certain
films seized by government agents on
October 10, 1961, on the grounds that
(a) there was not probable cause for be-
lieving the existence of the grounds on
which the purported search warrant was
issued; (b) that the warrant was in-
sufficient on its face; (c) that the prop-
erty seized was not that described in the
warrant; and (d) that the search and
seizure were in violation of the rights
of the defendants under the Fourth
Amendment to the Constitution of the
United States.

The Government has filed in response five affidavits which purport to show the facts surrounding the issuance of the search warrant. The defendants do not challenge the factual basis reflected in the affidavits, but assert an additional ground to suppress, to wit, that "the property was illegally seized without warrant." The additional basis for their motion, although probably cognizable under the original motion, will be allowed and first considered.

On October 6, 1961, an agent of the Federal Bureau of Investigation appeared in person before the United States Commissioner and presented to him an undated affidavit for a search warrant which was in the following form:

"UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

"United States of America    Commissioner's
vs    Docket
No. ———
LeLande Enterprises    Case No. ———

"AFFIDAVIT FOR SEARCH
WARRANT

"Before William H. Eckley, U. S. Court House, Minneapolis, Minnesota.

"The undersigned being duly sworn deposes and says: That he is positive that on the premises known as

"in the State and District of Minnesota, there is now being concealed certain property, namely 3 cartons of 8 mm. films of an obscene nature and other films, magazines, photographs, periodicals, manuscripts, writings and materials of an obscene nature which are designed and intended for use and which have been used as the means of committing a criminal offense, to wit: a violation of Title 18 U.S.C. Sec. 1462,

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: On September 26, 1961, a shipment consisting of 3 cardboard cartons marked 'Lighters' was made from Las Vegas, Nevada, addressed to Kenneth LeLande Enterprises, Greyhound Depot, St. Paul, Minnesota, via air freight, via Western Airlines. The consignor of said parcels was listed as one Larry Daley, Apt. 22, 443 Desert Inn Road, Las Vegas, Nevada. The outside of said cartons contained instructions as follows: 'Hold and notify consignee, call FEderal 5-4910, C.O.D., VALUE $1,000.' That in the process of handling said cartons one was damaged and the contents thereof accidentally exposed; that Don Benson, Manager, Western Airlines, Las Vegas, Nevada, noted that 8 mm. movie films were enclosed in said cartons, and noted that they contained pictures and films which he believed to be obscene. Prior investigations reveal that Mr. LeLande is a business associate of Ferris Alexander and John Alexander, that the business in which they are associated has been a source of obscene materials and that the above address is the place where those materials are stored. Prior investigations further disclose that John J. Alexander has been convicted in Federal District Court for violations of Title 18, U.S.C., Section 1462; and in the Minnesota Courts for the sale of obscene material.

"(signed)    William T. Hutcheson
Special Agent, Fed. Bur. of Investigation

———————————————

Signature of affiant

"Sworn to before me, and subscribed in my presence    , 19——

"William H. Eckley
United States Commissioner"

The agent explained to the Commissioner that he was sure that the films would be delivered to 310 Hennepin Avenue, Minneapolis, but could not be positive. Therefore, he suggested that a search warrant be issued with the address of the place to be searched left in blank. The Commissioner concurred. The understanding apparently was that the agent should notify the Commissioner of the address where the films were delivered and then the Commissioner would authorize the issuance of the warrant with the insertion of the proper address of the premises to be searched.

Under this arrangement, the agent left the Commissioner's office with a search warrant with the address of the place to be searched left in blank.

On October 10, 1961, another agent of the Federal Bureau of Investigation observed that one of the defendants, Edward J. Alexander, came in an automobile to the airport with the defendant LaLonde as a passenger. LaLonde was observed picking up the package in question and these two men transported the package by car to 310 Hennepin Avenue. It was then that an agent other than the one who had appeared before the Commissioner notified the latter of the delivery of the films to 310 Hennepin Avenue, and the Commissioner authorized this agent to fill in the address of 310 Hennepin Avenue, Minneapolis, Minnesota, in the search warrant. The Commissioner was on his vacation and the conversation between the two was over the telephone at his home. Apparently the agent filled in the address of the premises to be searched in the search warrant and dated it October 10, 1961, although the warrant had been signed by the Commissioner on October 6, 1961. He also, with the Commissioner's authority, inserted the docket number and case number in the affidavit and in the search warrant. The original affidavit of the first agent also was then dated October 10, 1961, but no description whatsoever of the premises to be searched was inserted in the affidavit. It reads as above recited. Armed with the search warrant the property in question was seized at 310 Hennepin Avenue, and this motion to suppress was filed.

■ It follows, therefore, without commenting upon the other irregularities admittedly present in the issuance of the search warrant, that the affidavit upon which the search warrant was issued contained no description whatsoever of the premises to be searched. Moreover, the agent who made the affidavit was out of the city on October 10, 1961, and it was another agent who by way of telephonic communication notified the Commissioner of the address of the delivery of the films and the place to be searched, and he was authorized over the telephone by the Commissioner to insert that address in the search warrant which apparently had been turned over to that particular agent for execution.

■■ We are not confronted with an affidavit upon which the search warrant was issued being challenged because it was too general or indefinite in the description of the premises to be searched. Here, there was an affidavit in which there was an utter absence of any descriptive statement of any kind with reference to the premises to be searched. It seems elementary that the affidavit or evidence upon which the search warrant is based must establish that there is some premises at which the property designed for use in the commission of an offense is located. That is, there must be information in the affidavit as to the premises to be searched "capable of being particularly described in the warrant." Lowrey v. United States, 8 Cir., 1947, 161 F.2d 30, 33. A statement in an affidavit before a Commissioner that "on the premises known as ———— in the State and District of Minnesota, there is now being concealed certain property * * * designed and intended for use and which have been used as the means of committing a criminal offense" will not sustain a search warrant which assumes to authorize the search and seizure of property allegedly located in a particular specific address bearing no relation to the showing before the Commissioner.

■ This search and seizure does violence to the very basic principles of the Fourth Amendment to the Constitution, which requires a showing of probable cause supported by oath or affirmation. The only information which came to the Commissioner as to the exact place to be searched was by way of a telephonic call from an agent other than the one who had made out the affidavit. Such laxity in compliance with the law governing searches and seizures cannot be coun-

tenanced. True, the Commissioner has the duty to determine the existence of probable cause and his determination is a judicial decision and will not be set aside unless it clearly appears that he issued the warrant without adequate grounds. But the showing here unequivocally demonstrates that there was no foundation whatsoever for the issuance of the warrant as to the premises to be searched.

The exigencies allegedly confronting the agent by reason of the danger of concealment or the removal of the films to another address and the question as to when the transmission in commerce might end before the search warrant was executed, cannot justify the attempted shortcuts evidenced in this proceeding. The admitted situation presents a bald attempt to sustain a search and seizure which flouts the basic principles of the Fourth Amendment to our Constitution. Due consideration has been given to Brandon v. United States, 106 U.S.App. D.C. 118, 270 F.2d 311, and United States v. Snow, 1 Cir., 9 F.2d 978, referred to by the Government, but these cases lend no comfort to its tenuous position in this proceeding. Poldo v. United States, 9 Cir., 1932, 55 F.2d 866; Lowrey v. United States, supra; United States v. Mitchell, 9 Cir., 274 F. 128; and United States v. Casino, 2 Cir., 286 F. 976, 978, fully support defendants' position herein.

It seems unnecessary to cite any additional decisions that may bear upon the question presented. The defects in the affidavit are too glaring. Probable cause for a search of premises cannot be sanctioned upon the incidental conversation between the Commissioner and an agent not under oath or affirmation. The Government has cited no case in which a search warrant has been sustained where the affidavit upon which the search warrant was issued contained no description whatsoever of the premises to be searched. The reference to the telephone number of the person to be notified when the shipment arrived in Minneapolis lends no support to the Gov-

ernment's contention that that telephone number sufficiently identified the address of the place to be searched. For aught anything contained in the affidavit is concerned, the telephone number noted may have been a number which had no connection whatsoever with the location of any premises to be searched. The affidavit in no way ties in this telephone number with 310 Hennepin Avenue, the place which was ultimately searched.

In view of the foregoing, it is not necessary to consider the other grounds challenging the validity of the search warrant. It follows, therefore, that the motion of the defendants to suppress the evidence seized on the illegal search warrant must be granted. It is so ordered. An exception is allowed.