**Jennie ALIOTO, a/k/a Loretta Fischer et al., Petitioners,**

v.

**UNITED STATES of America, Respondent.**

Misc. No. 16.

United States District Court
E. D. Wisconsin.
April 18, 1963.

Maurice J. Walsh, Chicago, Ill., James M. Shellow and Gilda B. Shellow, Milwaukee, Wis., for petitioners.

Walter Barnes, Atty., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for respondent.

GRUBB, District Judge.

This is an independent proceeding under Rule 41(e), Federal Rules of Criminal Procedure, Title 18 U.S.C.A., to secure the return of property seized under authority of a search warrant and for the suppression of the use of said property as evidence.

The movants are the seven corporations and one individual whose property was the object of the warrant; namely, Hotel Roosevelt, Inc.; The Pub, Inc.; Ben-Kay, Inc.; Tower Tavern, Inc.; Melody Lane, Inc.; Bonfire, Inc.; Badger State Boxing Club, Inc.; and Frank Peter Balistrieri; the custodian of the property at whose apartment the search and seizure occurred; namely Jennie Alioto, a/k/a Loretta Fischer; and five additional individuals and one corporation who claim that their property was seized in the execution of the warrant; namely, Peter Frank Balistrieri; Joseph Balistrieri; Benedetta Balistrieri; Carl Dentice, d/b/a Carl Dentice Phonographs; Joseph Maniaci, d/b/a Henri's Show Lounge; and Club 26, Inc., a/k/a Villa Venice.

The search warrant in question was issued to and executed on September 26, 1962, by Ernest G. Johannes, Special Agent, Intelligence Division, Internal Revenue Service, and other Special Agents of said division. The warrant authorized the search of Apartment 406, 1609 North Prospect Avenue, Milwaukee, Wisconsin, occupied by Jennie Alioto "under the alias of Lorretta Fischer." The face of the warrant describes the property sought as:

"* * * Books and records of the Hotel Roosevelt, Inc.; The Pub, Inc.; Ben Kay, Inc.; Tower Tavern, Inc.; Melody Lane, Inc.; Bonfire, Inc.; Badger State Boxing Club, Inc.; and Frank Peter Balistrieri."

As alleged grounds for search and seizure, the warrant recites that said books and records are—

"* * * harbored and concealed from examination of the Internal Revenue Service, in violation of the criminal provisions of Section 7210 Internal Revenue Code of 1954, and which are instrumentalities of crime involving the criminal provisions of Section 1621, Title 18, United States Code of Laws, and Section 7201, Internal Revenue Code of 1954."

The following findings and conclusions of the court are based on the moving papers, briefs, evidence adduced on the hearing of the motion, and arguments of counsel.

█ As appears from the face of the warrant, the articles sought thereunder are merely described as books and records of certain named parties. This description leaves the choice of objects to be seized entirely to the discretion of the persons conducting the search and seizure. A warrant lacking particularity of description of the things to be seized thereunder would purport to authorize a general exploratory search which is condemned by the Fourth Amendment to the Constitution of the United States. Kremen v. United States, 353 U.S. 346, 77 S.Ct. 828, 1 L.Ed.2d 876 (1957); Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); and Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948).

█ Reference to further definition of the objects sought, as found on the face of the warrant under alleged grounds for search and seizure, does not

furnish essential particulars for the guidance of the officials executing the warrant. Reference to the affidavit in support of the warrant does reveal that the affiant sought certain books and records relating to the computation of the taxable income of the parties, generally for the years from 1955 through 1961, and particularly those papers which the Internal Revenue Service had repeatedly sought to have produced for purposes of inspection by the issuance of summonses pursuant to Section 7602 et seq., Title 26 U.S.C.A., Internal Revenue Code 1954.

In this case there can be no reliance on the supporting affidavit to furnish a sufficient description of the articles sought because the affidavit itself does not particularize the items sought by summonses issued under Section 7602, Title 26 U.S.C.A. This information was not communicated by the affiant to the United States Commissioner who issued the warrant. There was no showing that this information was made available to other officers authorized to execute the warrant or to the persons whose premises were searched and whose property was seized. In the event it were deemed that the affidavit furnished sufficient description of the property sought, there was no showing that said affidavit was annexed to the warrant or otherwise available for the guidance of officials, other than affiant, who were authorized to execute the search and seizure. Compare United States v. Snow, 9 F.2d 978 (D.Mass.1925), and Vinto Products Co. v. Goddard, 43 F.2d 399 (D.Minn.1930), where recourse was had to affidavits *attached* to said warrants.

The affidavit in support of the warrant does not show probable cause for a reasonable belief that all of the documents sought were being harbored and concealed by Jennie Alioto at the premises to be searched. From an analysis of the affidavit, it appears that there is a basis for the belief that Jennie Alioto lived at the designated premises. Although there is no allegation as to the reliability of Clarence Casper as a source of information, it appears that knowl-

edge as to the identity of the tenants would be within the knowledge of Mr. Casper in his capacity as building superintendent. The confusion of Mr. Casper and the possible unreliability of information furnished by him as demonstrated on the hearing is not fatal to the allegations of the affidavit since the issuance of the warrant rests on the showing of the affiant.

There is also some basis for the belief that Jennie Alioto kept some records at her apartment. Jennie Alioto testified in January 1962 that on occasion she kept some records of the Hotel Roosevelt, Inc., and The Pub, Inc., at her home and worked thereon. However, the information that Jennie Alioto was also the bookkeeper for Ben-Kay, Inc., and the Bonfire, Inc.; that Frank Peter Balistrieri, whose relationship to the corporate taxpayer entities is not set forth in the affidavit, frequently visited Jennie Alioto's apartment; that Jennie Alioto had the lock on her door changed without permission; that she had filing cabinets on the premises; and that few, if any, books and records had been produced in response to summonses does not support an inference that books and records, if they existed, of Ben-Kay, Inc.; Tower Tavern, Inc.; Badger State Boxing Club, Inc.; Melody Lane, Inc.; Bonfire, Inc.; and Frank Peter Balistrieri were harbored in Jennie Alioto's apartment.

To the extent that summonses for the production of books and records of corporations and of one individual were issued, and to the extent that existing books and records were withheld in disobedience of summonses, the withholding of such documents would be unlawful, and the papers themselves, although relating to a lawful enterprise, would take on the nature of contraband subject to search and seizure as the fruit of a crime. Rule 41(b) (2), Federal Rules of Criminal Procedure. Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L. Ed. 231 (1927); Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L. Ed. 647 (1921); United States v. Thomson, 113 F.2d 643 (7th Cir. 1940).

The crime of disobedience of summonses is a misdemeanor offense. Section 7210, Title 26 U.S.C.A. Rule 41 of the Federal Rules of Criminal Procedure makes no distinction between felony and misdemeanor crimes. Cf. Conyer v. United States, 80 F.2d 292 (6th Cir. 1935), which did not state the general law prevailing at the time of the adoption of the criminal rules, but was concerned only with a specific statutory search warrant authorization under the Espionage Act and was limited to search and seizure of means of committing a felony.

■ The showing of the affidavit fails to support the alleged ground for search and seizure that all of the objects sought under the warrant were harbored and concealed in disobedience to summonses. An important defect of the affidavit in this respect is the failure to particularize which documents had been the objects of summonses which had been disobeyed. Since it is not disclosed which books and records were summoned, it cannot be known which books and records were not produced and would constitute instrumentalities or fruits of the crime of disobedience to summonses. Further, the existence of any books and records rests on an inference to be drawn from the allegations of the affidavit that Jennie Alioto was the bookkeeper for the Hotel Roosevelt, Inc., The Pub, Inc., Ben-Kay, Inc., and Bonfire, Inc., and that the work papers of the accountants for these corporations were based on records furnished by said corporations. There is no basis for any similar inference as to the existence of books and records of Tower Tavern, Inc., Badger State Boxing Club, Inc., Melody Lane, Inc., and Frank Peter Balistrieri.

■ In respect to the grounds for search and seizure of the documents as instrumentalities of the crimes of perjury and tax evasion, the supporting affidavit fails to support these allegations. In the event certain sworn statements that books and records of the Hotel Roosevelt, Inc, and Ben-Kay, Inc., were destroyed in a fire were falsely made, the documents themselves would constitute evidence as to perjury. Property serving as mere evidence of a crime is not subject to search and seizure. United States v. Thomson, 113 F.2d 643 (7th Cir. 1940).

■ As to the crime of tax evasion, the affidavit recites a court finding of probable cause to believe that the Hotel Roosevelt, Inc., The Pub, Inc., Badger State Boxing Club, Inc., and Frank Peter Balistrieri filed false and fraudulent returns for certain years, generally 1956 through 1960. Further, based on information derived from allegedly reliable sources, the affiant recites that examination of the accountant's work papers for the Hotel Roosevelt, Inc., failed to reveal all receipts and disbursements of said corporation; that no detailed accounts of cash receipts, expenditures, and loans from officers were furnished by said corporation to its accountant; and that examination of the accountants' work papers disclosed that books and records of this corporation and of "various corporate taxpayer entities previously mentioned" failed to show details of receipts and disbursements or loans. In respect to this recitation it is to be noted that the reference to various previously mentioned taxpayers can relate only to those parties for whom the tax accountants prepared returns; namely, The Pub, Inc., Ben-Kay, Inc., Hotel Roosevelt, Inc., and Bonfire, Inc.

Assuming the reliability of this information, it establishes a basis for the belief that such records as were furnished to the accountants were incomplete for purposes of computation of income tax liability. Under these circumstances, such books and records would constitute evidence of the crime of tax evasion by filing false and fraudulent returns. Absent a reasonable belief that the books and records themselves were falsely kept for the purpose of preparing false returns—and there are no allegations, hearsay or otherwise, to support such a belief—neither the incomplete books and records, or any other books and records of the taxpayers, would constitute instru-

mentalities of the crime of tax evasion, rendering these documents subject to search and seizure. Compare, for example, the showing as to falsely-kept records in United States v. Harmony Music Company, Criminal Action No. 8514 Commissioner, Civil Action No. 5115, D. Minn., September 28, 1955, where there was an affidavit by an accountant that she was ordered and directed and did so keep false and incomplete books and records for the sole purpose of avoiding payment of income taxes; and United States v. Labovitz, 20 F.R.D. 307 (D. Mass.1957), where there was affidavit showing that company records were kept for the purpose of manufacturing and supporting fictitious costs to be claimed under a contract with the government.

■ The movants contend that Special Agents of the Intelligence Division, Internal Revenue Service, were not authorized to execute search warrants at the time of the instant search and seizure. General principles of law controlling search and seizure are stated in Rule 41, Federal Rules of Criminal Procedure. A Special Agent is "a civil officer of the United States authorized to enforce or assist in enforcing any law thereof" within the provisions of Rule 41(c). United States v. Clancy, 276 F.2d 617, 629 (7th Cir. 1960), reversed on other grounds, 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed.2d 574 (1961); United States v. Joseph, 174 F.Supp. 539 (E.D. Pa.1959); and see United States v. Gannon, 201 F.Supp. 68, 73 (D.Mass.1961).

■ Failure to re-enact special authorization under the Internal Revenue Code in respect to authority generally provided for under the Federal Rules of Criminal Procedure is not to be interpreted as an implied repeal of such authority. United States v. Joseph, supra. Subsequent re-enactment of express authorization to execute and serve search warrants by amendment of the Internal Revenue Code of 1954, Section 7608(b), Title 26 U.S.C.A., effective after date of the search and seizure in issue, is not to be construed as establishing lack of prior authority under the criminal rules as recognized by the courts. See United States v. Joseph, supra, and United States v. Andrew Pasha, 62 CR 626, N.D. Ill., January 30, 1963, record of proceedings on motion to suppress.

Issuance of the warrant by the United States Commissioner was obtained by the Special Agent with the assistance of the United States Attorney. The evidence as to the circumstances of the search and seizure reveal no irregularities prejudicial to the movants. The testimony as to the restraint of Jennie Alioto and as to the necessity of excluding an attorney and Frank Peter Balistrieri from the premises during the search is in conflict. Prior to the hearing on this proceeding, the government offered to return items of the seized property beyond those designated in the warrant.

The Special Agent who secured the warrant and supervised its execution resorted for the first time in his official career to search and seizure after believing himself repeatedly thwarted in the use of more customary methods of obtaining by summonses inspection of documents reflecting the financial transactions of parties suspected of income tax evasion. Defects in the warrant and supporting affidavit, insofar as these may have been the responsibility of this Special Agent, may have resulted from his inexperience and zeal. Such defects do not bear on the good faith of the official or on his authority to resort to the use of a search warrant under proper circumstances.

■ The government has not further urged its initial contention that certain of the movants lacked standing to bring this proceeding. Peter Frank Balistrieri, Joseph Balistrieri, Benedetta Balistrieri, Carl Dentice, Joseph Maniaci, and Club 26, Inc., claim that their property was seized in the execution of the warrant. Frank Peter Balistrieri is a person whose property was designated as an object of search and seizure in the warrant. It appears from the various

inventories filed with the Commissioner and with the court that property of these movants is presently in the possession of the government as a result of the seizure. They have standing to challenge the validity of the search and seizure and invoke appropriate remedies. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); and Henzel v. United States, 296 F.2d 650 (5th Cir. 1961).

It is the conclusion of the court that the warrant in issue is not valid because it lacks sufficiency of designation of the objects of the search and seizure. The search and seizure conducted pursuant to the invalid warrant was illegal, and the objects obtained thereby must be returned to the movants.

If there were sufficient designation of the objects sought under the search warrant, the books and records of Ben-Kay, Inc.; Tower Tavern, Inc.; Badger State Boxing Club, Inc.; Melody Lane, Inc.; Bonfire, Inc.; and Frank Peter Balistrieri would not be seizable under the warrant because there was no showing at the time of the issuance of the warrant to support a reasonable belief that such books and records were harbored and concealed on the premises to be searched. Further, the books and records of Tower Tavern, Inc.; Badger State Boxing Club, Inc.; Melody Lane, Inc.; and Frank Peter Balistrieri would not be seizable under the warrant because there was no showing to support a reasonable belief in the existence of these records and that these records were instrumentalities of the crimes of perjury or tax evasion.

Now, therefore, it is ordered that the motion for the return of the property seized in the execution of the warrant is hereby granted. There being no presently pending proceedings in which any of the seized property is being offered in evidence against the movants, the request for suppression of the use thereof as evidence is hereby denied without prejudice.