**Application of PAPERBOARD SALES, INC. to direct the return of seized property and the suppression of evidence.**

**No. M 9–150.**

United States District Court
S. D. New York.

Feb. 15, 1968.

Robert M. Morgenthau, U. S. Atty., for the United States; Richard A. Givens, Asst. U. S. Atty., of counsel.

Kostelanetz & Ritholz, New York City, for Paperboard Sales, Inc.; Boris Kostelanetz, Jules Ritholz, Arthur Brooks, New York City, of counsel.

WYATT, District Judge.

This is a motion in an independent proceeding, purporting to be on behalf of Paperboard Sales, Inc. ("Sales"), for the return of property and to suppress it for use as evidence. Fed.R.Crim.P. 41(e).

An indictment against John L. Rayward (67 Cr. 825) was returned on October 2, 1967. In six counts Rayward was charged with tax evasion by the

filing of false tax returns in the years 1960–1962 (26 U.S.C. §§ 7201, 7206(1)).

At the time of the offenses charged in the indictment, Rayward was a naturalized citizen of the United States. On July 12, 1966 Rayward became a naturalized citizen of Australia, where he was born.

Apparently Rayward had been in this country while his tax returns were under investigation but in anticipation of indictment fled to Switzerland.

Rayward did not appear to answer the indictment and it has not been possible to execute a bench warrant for his arrest. Doubtless he is a "fugitive from justice" but so to describe him may not aid in solving the present problem because the description is usually relevant for purposes of extradition with which we are not concerned. 4 Wharton's Criminal Law and Procedure § 1644 (1957).

On October 6, 1967 a search warrant was issued for "papers used in and pertaining to transactions of and property interests of John L. Rayward and John L. Rayward Company". The affidavit for the search warrant recited the indictment for the years 1960–1962 and further: that John L. Rayward Company was a partnership engaged in large wood pulp transactions all over the world; that partnership income in large amounts had not been reported for the years 1964, 1965, and 1966; that this appeared from returns of Rayward himself for those years; that John L. Rayward Co. had a telephone listing at 261 Madison Avenue [as indeed is still the case]; that when telephoned a Miss Rudolph answered and said that Mr. Rayward was "out and it was unknown when he would return"; that John L. Rayward Co. was listed in the building directory as in Room 1700; that Miss Rudolph was listed under Collins Tuttle on the 17th floor; that Sales was also listed in Room 1700; that Collins Tuttle [a real estate management firm] had most of the 17th floor; and that the rooms on that floor were not individually numbered.

The premises directed to be searched were described in the warrant as "Suite containing premises of John L. Rayward Co., 261 Madison Ave., New York, N.Y. in premises under the name of Collins-Tuttle & Co., Inc. located on the 17th Floor at 261 Madison Avenue".

The warrant was executed on October 13, 1967 and was duly returned on the same date.

The present motion is made by Sales on the basis of an affidavit by Miss Rudolph. She says, among other things: that she is the only employee of Sales in New York; that she is not a stockholder or officer or director; that Rayward is an "employee" of Sales; that she communicates with him by mail and telephone to Paris and Lausanne; that the partnership of John L. Rayward Co. has been "dissolved" and its business taken over by Sales; and that "John L. Rayward Co." is now used to designate a "division" of Sales, which evidently carries on business on the 17th floor of 261 Madison Avenue where Miss Rudolph says she handles the telephone, does "typing, bookkeeping, clerical work", and takes care "of the day to day details of its business".

There is a notable lack of candor in the moving papers. The officers and directors of Sales are not given, nor who owns its stock, nor what the duties of Rayward as its "employee" are, nor Rayward's connection with the New York operations (but there must be a connection because Miss Rudolph communicates by mail and by telephone with him), nor who retained counsel, nor who authorized Miss Rudolph to contest the warrant. The government asks a hearing on these matters to be able to argue that this proceeding is in substance by Rayward himself. If the warrant or its execution was of doubtful validity, such a hearing might be required. But the warrant is so obviously valid that, assuming Sales may properly make the present motion, it must be denied as without substantive merit.

 There was probable cause for the issuance of the search warrant.

The warrant did not direct a search for "mere evidence" but for papers which were shown by the affidavit to relate to the income of John L. Rayward Co., whether a partnership or a "division", and of Rayward himself. If (as was the case) there was probable cause to believe that Rayward was continuing to evade income taxes, then the papers were not only evidence but were "intended for use * * * as the means of committing a criminal offense" (Fed. R.Crim.P. 41(b) (2)). Even if the papers were "mere evidence", the result here would be the same. While it is true that a search for evidence is not a ground under the Federal Rules of Criminal Procedure (see 41(b)) for issuance of a search warrant, the decision in Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), cited for movant (memo, p. 14), shows that such a warrant would not, because directed to evidence, violate any constitutional rights.

The warrant was not too broad in its description of the papers to be seized. They were those "used in and pertaining to transactions of and property interests" of Rayward and the partnership or "division". In the context "transactions" clearly meant business transactions and just as clearly did not refer to the marriage, love affairs, play, study and other personal involvements of Rayward. It was a business office to be searched and the issue was whether income from the business had been truthfully reported; every business transaction of Rayward, or in which he had an interest, would be of significance to production of income, or its loss. The warrant here is not at all like the subpoena in Alioto v. United States, 216 F.Supp. 48 (E.D.Wis.1963) which was directed simply to the "books and records" of a corporation; here, the warrant is not directed to all books and records in the premises to be searched but only to those "used" in or "pertaining" to transactions of Rayward, the partnership or the "division".

The motion is in all respects denied. So ordered.