No. 1070. BALISTRIERI *v.* UNITED STATES. C. A. 7th Cir. Certiorari denied. MR. JUSTICE MARSHALL took no part in the consideration or decision of this petition. *Edward Bennett Williams, Harold Ungar,* and *Maurice Walsh* for petitioner. *Solicitor General Griswold, Assistant Attorney General Walters, Joseph M. Howard,* and *Charles A. McNelis* for the United States.

MR. JUSTICE FORTAS, with whom MR. JUSTICE DOUGLAS joins, dissenting.

Petitioner was adjudged guilty of income tax evasion. Petitioner claims and the Government does not deny the following astounding record of lawless invasion of his rights by government agents:

1. An electronic "bug," installed by trespass, was maintained in his office for over a year.

2. A "bug" was unlawfully installed and maintained for almost six months in the office of petitioner's counsel.

3. A "bug" was installed by trespass and maintained in the office-apartment of petitioner's secretary for some eight months.

4. FBI agents broke into the apartment of petitioner's secretary and photographed papers in a private file belonging to petitioner.

5. IRS agents searched the secretary's apartment and seized records of petitioner pursuant to a warrant later held invalid. *Alioto* v. *United States,* 216 F. Supp. 48 (D. C. E. D. Wis. 1963).

FBI and IRS agents also kept the secretary's office-apartment under observation through a peephole in the door of a room across the hall and, at the request of IRS officials, the Post Office maintained a mail cover of the petitioner, recording the addressee and sender of all mail delivered to certain addresses believed to be connected with petitioner.

Much evidence was suppressed by the District Court as the product of the unlawful activities of the federal agents, and one count of the indictment was dismissed. However, the District Court held that the Government had adequately shown that on two other counts its case rested on independently obtained evidence, free of the taint of the illegal searches. The Seventh Circuit affirmed. 403 F. 2d 472. This Court now refuses to review the case.

I do not agree. This is not merely a factual problem which must be regarded by this Court as finally disposed of by the findings below. It presents a fundamental question of law: The Government contends and the courts below found that the federal agents obtained incriminating evidence relating to unreported income from a scrap metal company as a result of assertedly non-tainted leads gleaned from the mail cover. It is true that the agent who decided to examine the company's records knew that 14 months earlier the mail cover had turned up a letter addressed to the company at one of petitioner's addresses. But the agent also admittedly had access to the inventory of illegally seized documents. That inventory included documents explicitly showing many transactions by the company in which petitioner might have been involved. The agent therefore had access to a great mass of illegally obtained information unmistakably suggesting a line of further inquiry, as well as to the isolated fact that a letter—of unknown contents—to the scrap metal company had been delivered many months before to an address associated with petitioner.

Whether in these circumstances the IRS agent's decision to examine the scrap metal company's records was "gained from an independent source" (*Silverthorne Lumber Co.* v. *United States,* 251 U. S. 385, 392 (1920)) and was not an "exploitation of . . . illegality" (*Wong Sun*

v. *United States,* 371 U. S. 471, 488 (1963)) raises basic questions of the burden of proof and the standard to be applied in determining whether and to what extent widespread lawlessness in an investigation should deny the prosecution use of evidentiary material. I would grant certiorari to examine these important questions.