**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James MIRRO and Robert McDonnell, Defendants-Appellants.**

**No. 18158.**

United States Court of Appeals, Seventh Circuit.

Dec. 15, 1970.

---

Edward J. Calihan, Jr., Chicago, Ill., for defendants-appellants.

Gary Cornwell, Dept. of Justice, Washington, D. C., William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff-appellee. John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, and MAJOR, Senior Circuit Judge, and KERNER, Circuit Judge.

PER CURIAM.

Defendants-appellants, Robert McDonnell and James Mirro, were convicted by a jury of conspiracy to transport forged securities in interstate commerce, a violation of 18 U.S.C. § 371. This court affirmed. United States v. Di Pietto, 396 F.2d 283 (7th Cir. 1968). The Supreme Court of the United States granted certiorari and remanded the matter to the district court to determine: (1) whether the defendants had standing, under Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), to object to the admission of evidence at their trial produced as a result of unlawful electronic surveillance by the government, and (2) whether that evidence to which the defendants had standing tainted their convictions. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969). The district court, after conducting a hearing in which defendants cross-examined F.B.I. officials with respect to the surveillance, and aft-

er examining *in camera* various logs of overhearings, ruled that those portions to which the defendants had standing to object did not taint their original convictions. Accordingly, the district court entered a second judgment of conviction from which defendants appeal. We affirm.

The records produced at the hearing below consisted of logs, which were transcriptions of tapes gathered as a result of illegal electronic surveillance by the F.B.I. The district court found that, with the exception of two logs, the defendants had no standing to challenge their illegality on Fourth Amendment grounds. Under *Alderman,* a defendant has standing to object only to overhearings of his own conversations or conversations of others on his property. As to the two logs which were direct overhearings of the defendants, the court held that neither tainted their convictions.

■ Defendants do not now assert that the district court's determination of standing was erroneous under *Alderman,* or that the logs as to which they had standing tainted their convictions. Rather, they claim that *Alderman's* definition of standing is too limited, and that conversations of third persons not on defendants' property which were relevant to their conviction should be excludable. They argue that *"Alderman* does not go far enough." Defendants cite no case, nor do they advance convincing reasons to expand *Alderman.* We are bound to follow *Alderman* and will not expand the definition of standing expounded by the Supreme Court.

■ Defendants further assert that the F.B.I.'s indexing of the overhearings was inadequate. The evidence at the hearing below, however, indicated otherwise. For each person overheard or mentioned in an overheard conversation, an index card bearing his name is prepared by the F.B.I. which contains the date and place of the surveillance. The court below expressed concern with the adequacy of the indexing and required an F.B.I. representative to testify to the procedures followed. The testimony of the F.B.I. representative revealed that the usual procedures of indexing were followed in this case and that the logs were accurate synopses of the overhearings.

■ Neither does the fact that the original tapes were destroyed render the available evidence on the transcribed logs inadequate. It is the general practice of the F.B.I. to use logs rather than tapes in its investigations. The tapes are usually erased or destroyed after their transcription into logs. There was no evidence at the hearing that this method of transcription lacked authenticity.

■ Defendants' final contention is that adequate disclosure was not made to them of the contents of "airtels," which are F.B.I. memoranda from its field offices which synthesize the information gathered from surveillances. An F.B.I. representative testified that there was no information in the airtels involving the surveillance which was not in the logs. For this reason, defendants are not entitled to examine the airtels. United States v. Hoffa, 436 F.2d 1243 (7th Cir. August 5, 1970). There reliance on United States v. Alderisio, 424 F.2d 20 (10th Cir. 1970), in which the defendant was permitted to examine portions of the airtels which were relevant to his conviction, is misplaced. The court in *Alderisio* allowed examination only of that portion of the airtels not transcribed in the logs since the transcription procedure varied from the norm. Defendants in this case would glean nothing from an examination of the airtels. To allow access to them would amount to " * * * an unlimited license to rummage in the files of the [government]" which bear no relevance to their convictions. Alderman v. United States, 394 U.S. at 185, 89 S.Ct. at 973.

■ We have recently held in United States v. Fannon, 435 F.2d 364 (7th Cir. Nov. 9, 1970), that a motion for discovery should be allowed and "is a prudent effort to learn the facts" when a hearing is not conducted and a defendant does not have the opportunity to cross-examine government witnesses with respect

to the surveillances and record keeping. No motion for discovery was made in this case. Nevertheless, throughout the hearing, the judge insisted that the government satisfactorily describe the procedures it followed in transcribing the tapes into logs and other records and permitted the defendants to cross-examine government witnesses. Alderman v. United States, *supra* at 185, 89 S.Ct. 961 Taglianetti v. United States, 394 U.S. 316, 317, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969). The protective procedures followed by the district court thus insured that the defendants' convictions were in no way tainted by the use of illegally obtained evidence.

For the foregoing reasons, we affirm the decision of the district court.

Affirmed.