**Joseph AIUPPA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7560.**

United States Court of Appeals
Tenth Circuit.

Nov. 9, 1964.

Maurice J. Walsh, Chicago, Ill., for appellant.

Newell A. George, U. S. Atty., for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a conviction and sentence by the Court, a jury having been waived, on a two-count Information charging the appellant with unlawful possession and transportation of migratory birds (mourning doves), in violation of 16 U.S.C. § 703.[1]

On pre-trial the appellant moved, pursuant to Rule 41(e), F.R.Crim.P. that the seized property "to-wit, approximately 560 frozen birds * * * be returned to him and that said property be suppressed for use as evidence," on the ground that "[s]aid unlawful search and seizure was made in the nighttime from an automobile belonging to. the [appellant] and located upon the premises * * * which constitute his home, and the seizure was against his will and without a search warrant."

Pursuant to a hearing on the motion to suppress, the trial Court specifically found " * * * there was a search of [appellant's] effects, the automobile"; that "there was no consent to the search of the automobile, either voluntary or otherwise"; that "the search was not incident to a lawful arrest"; and "there was a seizure." The Court then observed that the only question on the motion to suppress was "whether there was probable cause for this search." The Government agreed, and the search and seizure was finally sustained and the seized doves admitted in evidence against the appellant, on the ground that the Agents had probable cause for the search without a warrant.

The search and seizure of the mourning doves was conducted by Federal

---

1. 16 U.S.C. § 703 provides: "Unless and except as permitted by regulations made as hereinafter provided in sections 703–711 of this title, it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture, or kill, possess, offer for sale, sell, offer to barter, barter, offer to purchase, purchase, deliver for shipment, ship, export, import, cause to be shipped, exported, or imported, deliver for transportation, transport or cause to be transported, carry or cause to be carried, or receive for shipment, transportation, carriage, or export, any migratory bird, or any part, nest, or egg of any such birds, included in the terms of the conventions between the United States and Great Britain for the protection of migratory birds concluded August 16, 1916 (39 Stat. 1702), and the United States and the United Mexican States for the protection of migratory birds and game mammals concluded February 7, 1936."

Game Management Agents acting under authority of 16 U.S.C. § 706,[2] which pertinently provides that such Agents "* * * shall have power, without warrant, to arrest any person committing a violation of said sections [16 U.S.C. §§ 703–711] in his presence or view and to take such person immediately for examination or trial before an officer or court of competent jurisdiction; * * * and shall have authority, with a search warrant, to search any place." The statute also authorizes judges and commissioners "* * * upon proper oath or affirmation showing probable cause [to], issue warrants in all such cases."

On appeal the Government seems to admit, as indeed it must, that the Agents were acting solely under authority of § 706, supra. It does not contend that the search was made as an incident to a lawful arrest or under authority of a search warrant. In these circumstances, we do not have the question of the power and authority of a private person to search and seize as an incident to a lawful arrest, as in Wion v. United States (10 C.A.), 325 F.2d 420. Nor, do we have the question of the authority of the Agents to seize and then search a vehicle for contraband, as in Sirimarco v. United States (10 CA), 315 F.2d 699. The Government seeks to sustain the search and seizure solely on the ground that its Agents, acting within the scope of their statutory authority, were impowered to search and seize without a warrant for probable cause. On this premise it contends that the evidence on the motion to suppress supports the trial Court's finding of probable cause.

██ The fallacy of this premise is that it assumes the power to make a warrantless search on probable cause—a power which the statute (§ 706, supra) does not grant and, by plain implication, withholds from these special enforcement Agents. While the statute authorizes an arrest without a warrant for violations committed in the Agent's presence or view, it does not authorize a warrantless search. Instead, it expressly delegates to judges and commissioners authority to issue warrants in all such cases, upon a proper showing of probable cause. It is thus manifestly clear, we think, that Congress deliberately withheld from these Agents the province of determining for themselves the existence of probable cause and the exceptional circumstances which would justify an expeditious warrantless search. This interpretation of the statute is consonant with the highly restricted province of any enforcement officer to appraise the extraordinary circumstances under which a search without a warrant would be justified. See: Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Taylor v. United States (10 CA), 333 F.2d 721; United States v. One 1957 Ford Ranchero Pickup Truck (10 CA), 265 F.2d 21; and

2. On trial, one of the Government Agents testified as follows:

"Q [By defense counsel] Now, are you —that is the total of your authority as an officer, isn't it, you are a game management officer for the government? A Yes, sir.

"Q You don't hold any commission or office as any other type of enforcement officer? A No, sir.

"Q Or civil officer? A No, sir.

"Q And you know, do you not, that these offenses you were investigating were misdemeanors? A I know that, sir.

"Q And are you familiar with Section 706 of Title 16 of the United States Code?
* * * * *
"A Yes, I'm familiar with this section.

"Q And that section outlines your authority in connection with the migratory game bird treaties and laws under it? A Yes, sir.

"Q And did you have in mind at the time that you made this search, this arrest and search, that you should have authority with a search warrant to search any place? A No, sir.

"Q You didn't have a search warrant of course? A No, sir."

Hart v. United States (10 CA), 162 F.2d 74.

The motion to suppress did not specifically refer to the statutory limitations of the searching Agents, but it was made pursuant to Rule 41(e) and followed the prescribed Form 16, F.R. Crim.P. In this form, it was certainly sufficient to challenge the lawfulness of the seizure and the supportive evidence was entirely sufficient to require the Government to legally justify the search without a warrant. The Government does not now complain of appellant's failure to specifically invoke § 706, supra. Indeed, it does not deny that the statute is the full measure of the Agents authority in this case. We hold that the search and seizure was conducted without statutory authority and, therefore, cannot be sustained for probable cause. The motion to suppress should have been granted, and the case is reversed with directions to proceed accordingly.