## GIORDANO *v.* UNITED STATES.

No. 28.   Decided March 24, 1969.*

*Carlton Roeser* for petitioner in No. 28.   *Irving Anolik* for petitioner in No. 54.   *Maurice Edelbaum* for petitioner Franzese, *William L. Lynch* for petitioner Crabbe, *Raymond A. Brown* for petitioner Matera, and *Peter L. F. Sabbatino* for petitioner Potere in No. 84.   *Raymond J.*

---

*Together with No. 54, *Scandifia* v. *United States;* No. 84, *Franzese et al.* v. *United States;* No. 106, *Evans* v. *United States;* No. 124, *Aiuppa* v. *United States;* No. 129, *Amabile* v. *United States;* No. 168, *Battaglia* v. *United States;* No. 271, *Clay, aka Ali* v. *United States;* No. 317, *Di Pietto et al.* v. *United States;* No. 474, *Natarelli* v. *United States;* No. 546, *Hoffa et al.* v. *United States;* No. 668, *Stassi* v. *United States;* No. 715, *Randaccio* v. *United States;* No. 895, *Hoffa et al.* v. *United States;* and No. 911, *Dranow* v. *United States,* also on petitions for writs of certiorari. Nos. 54, 84, 474, and 715 are to the United States Court of Appeals for the Second Circuit; Nos. 271 and 668 are to the Court of Appeals for the Fifth Circuit; No. 546 is to the Court of Appeals for the Sixth Circuit; Nos. 106, 129, 168, 317, 895, and 911 are to the Court of Appeals for the Seventh Circuit; and No. 124 is to the Court of Appeals for the Tenth Circuit.

*Smith* and *Morris A. Haft* for petitioner in No. 106. *Maurice J. Walsh* and *John Powers Crowley* for petitioner in No. 124. *Charles A. Bellows* for petitioner in No. 129. *Edward Bennett Williams, Harold Ungar, Steven M. Umin,* and *Mr. Walsh* for petitioner in No. 168. *Charles Morgan, Jr., Howard Moore, Jr., George Pontikes, Marvin Karpatkin, Melvin L. Wulf,* and *Eleanor H. Norton* for petitioner in No. 271. *Edward J. Calihan, Jr., Mr. Crowley,* and *Robert S. Bailey* for petitioners in No. 317. *Anthony J. DeMarie* for petitioner in No. 474. *Morris A. Shenker, Joseph A. Fanelli, Jacques M. Schiffer, Cecil D. Branstetter,* and *Daniel B. Maher* for petitioners in No. 546. *Clyde W. Woody* and *Marian S. Rosen* for petitioner in No. 668. *Herald Price Fahringer* and *Frank G. Raichle* for petitioner in No. 715. *Messrs. Walsh* and *Shenker* for petitioner Hoffa, *George Callaghan* for petitioner Strate, *Richard E. Gorman* for petitioner Burris, *Mr. Schiffer* for petitioner Weinblatt, and *Harvey M. Silets* for petitioner Kovens in No. 895. *Frank Ragano* for petitioner in No. 911.

*Solicitor General Griswold* for the United States in No. 28. *Solicitor General Griswold, Assistant Attorney General Vinson, Beatrice Rosenberg,* and *Sidney M. Glazer* for the United States in No. 54. *Solicitor General Griswold, Assistant Attorney General Vinson, Miss Rosenberg,* and *Roger A. Pauley* for the United States in Nos. 84, 271, and 317. *Solicitor General Griswold, Assistant Attorney General Vinson,* and *Miss Rosenberg* for the United States in Nos. 106, 129, and 168. *Solicitor General Griswold, Assistant Attorney General Vinson, Miss Rosenberg,* and *Leonard H. Dickstein* for the United States in No. 124. *Solicitor General Griswold, Assistant Attorney General Vinson, Jerome M. Feit,* and *Mr. Glazer* for the United States in No. 474. *Solicitor General Griswold, Assistant Attorney General Vinson,*

*Theodore George Gilinsky,* and *Mr. Pauley* for the United States in No. 546. *Solicitor General Griswold, Assistant Attorney General Vinson, Miss Rosenberg,* and *Paul C. Summitt* for the United States in No. 668. *Solicitor General Griswold, Assistant Attorney General Wilson, Mr. Feit,* and *Kirby W. Patterson* for the United States in No. 715. *Solicitor General Griswold, Assistant Attorney General Wilson, Miss Rosenberg,* and *Mr. Feit* for the United States in Nos. 895 and 911.

PER CURIAM.

The petitions for writs of certiorari are granted, except that in No. 84 the writ is granted as to petitioner Franzese only and denied as to the other petitioners, and in No. 317 the petition is granted as to petitioners Mirro and McDonnell only and denied as to the other petitioners. † The judgments of the Courts of Appeals in these cases are vacated, and the cases remanded to the respective District Courts for further proceedings in conformity with *Alderman* v. *United States, Ivanov* v. *United States,* and *Butenko* v. *United States, ante,* p. 165. It is not evident from the records in some of these cases whether the surveillances at issue were unlawful. It may be that the overhearings in some instances were not achieved by trespass, see *Katz* v. *United States,* 389 U. S. 347 (1967); *Desist* v. *United States, ante,* p. 244, and *Kaiser* v. *New York, ante,* p. 280, or for some other reasons were not unlawful. As we held in *Alderman, Ivanov,* and *Butenko, ante,* at 170, n. 3, "the District Court must develop the relevant facts and decide if the Government's electronic surveil-

---

†We read the papers filed by the United States in these two cases as stating that the surveillances neither invaded the premises of the other petitioners nor overheard their conversations.

.

lance was unlawful." Of course, a finding by the District Court that the surveillance was lawful would make disclosure and further proceedings unnecessary. Similarly, it is not clear that each petitioner has standing to assert the illegality of the surveillance or of the introduction of its fruits. As in *Alderman, Ivanov,* and *Butenko,* these issues are to be resolved by the District Courts in the first instance.

MR. JUSTICE BLACK dissents, except in Nos. 895 and 911, in the consideration and disposition of which he took no part.

MR. JUSTICE WHITE took no part in the consideration or disposition of Nos. 546, 895, and 911.

MR. JUSTICE MARSHALL took no part in the consideration or disposition of Nos. 28, 106, 129, 168, 271, 546, 895, and 911.

MR. JUSTICE STEWART, concurring.

A few words in amplification of this *per curiam* opinion may help to avoid misunderstanding on the part of the litigants, and of the District Courts to which these cases are remanded.

As we made explicit in *Alderman, Butenko,* and *Ivanov,* the requirement that certain products of governmental electronic surveillance be turned over to defense counsel was expressly limited to situations where the surveillance had violated the Fourth Amendment. We did not decide in those cases, and we do not decide in these, that any of the surveillances *did* violate the Fourth Amendment.[1]

---

[1] In oral argument of the *Butenko* and *Ivanov* cases, the Solicitor General, mystifyingly, sought to concede that the surveillances there *were* in fact unconstitutional, although he was repeatedly invited

Instead, we have left that threshold question for the District Courts to decide in all these cases.

Moreover, we did not in *Alderman, Butenko,* or *Ivanov,* and we do not today, specify the procedure that the District Courts are to follow in making this preliminary determination. We have nowhere indicated that this determination cannot appropriately be made in *ex parte, in camera* proceedings. "Nothing in *Alderman* v. *United States, Ivanov* v. *United States,* or *Butenko* v. *United States, ante,* p. 165, requires an adversary proceeding and full disclosure for resolution of every issue raised by an electronic surveillance." *Taglianetti* v. *United States, post,* p. 316.

Finally, the Court has not in any of these cases addressed itself to the standards governing the constitutionality of electronic surveillance relating to the gathering of foreign intelligence information—necessary for the conduct of international affairs, and for the protection of national defense secrets and installations from foreign espionage and sabotage. MR. JUSTICE WHITE

---

to argue that they were not. The following colloquies during oral argument of the *Ivanov* case are illustrative:

"Q. Are you asking us to decide here or to leave open on remand the question as to whether this violates, this bugging in this particular case, violates the Fourth Amendment?

"A. Our position would be the same had it or not. We are not arguing that it did not violate the Fourth Amendment.

　　　·　　　　　·　　　　　·　　　　　·

"Q. In other words, the premise in which you are proceeding here is that you admit for the purposes of this case that this was illegal bugging?

"A. Yes, Mr. Justice.

　　　·　　　　　·　　　　　·　　　　　·

"Q. And you are going to remain free to argue to the district judge that there was no violation?

"A. No, sir."

In deciding those cases, the Court declined to accept the Solicitor General's proffered concession.

has elsewhere made clear his view that such surveillance does not violate the Fourth Amendment, "if the President of the United States or his chief legal officer, the Attorney General, has considered the requirements of national security and authorized electronic surveillance as reasonable." [2]   While two members of the Court have indicated disagreement with that view,[3] the issue remains open.[4]

One might suppose that all of this should be entirely clear to any careful reader of the Court's opinion in *Alderman, Butenko,* and *Ivanov.*   Perhaps so, and perhaps, therefore, what I have said is quite unnecessary. But 10 years of experience here have taught me that the most carefully written opinions are not always carefully read—even by those most directly concerned.

---

[2] *Katz* v. *United States,* 389 U. S. 347, 364 (WHITE, J., concurring).

[3] *Id.,* at 359 (DOUGLAS, J., concurring).

[4] See *id.,* at 358, n. 23.