UNITED STATES of America

v.

David Emerson FISHER.

Crim. No. 12450.

United States District Court
D. Connecticut.

Dec. 12, 1969.

Richard L. Winter, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

Karl Fleischman, Hartford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

ZAMPANO, District Judge.

The defendant, charged with a failure to submit to induction after having been ordered to do so by his local board, moves to dismiss the indictment. He contends his induction order was invalid because one of the board members who voted to classify him 1–A resided in the county in which the board was constituted, but did *not* reside at the time in the particular jurisdictional area served by the board.

The pertinent provision of the Selective Service Act of 1967, 50 U.S.C. App. § 460(b) (3), provides that each member of a local board shall be a civilian and a citizen of the United States "residing in the county * * * in which such local board has jurisdiction." No member of the defendant's local board fails to qualify under this statute. However, an additional requirement for board membership, set forth in a regulation promulgated by the Director of the Selective Service System, is that each member shall, if it is at all practicable, be a resident of the area in which the local board has jurisdiction. CFR § 1604.52 (c). One of the seven members on defendant's local board, Harold J. Keefe, does not reside in the particular area of the county over which the board has jurisdiction. It is stipulated that Mr. Keefe joined in the 5–0 vote that classified the defendant 1–A.

It is far from settled whether a violation of the area residence requirement is a matter affecting the jurisdiction of the board which may be raised collaterally in a criminal prosecution. Some courts have ordered the acquittals of defendants whose classifications stemmed from a vote cast by one or more members of the board who did not have the proper residential qualifications, see, e. g., United States v. Beltran, 306 F.Supp. 385 (N.D.Cal.1969); United States v. DeMarco, 2 SSLR 3204 (N.D. Cal.1969); while others have refused to do so, see, e. g., United States v. Nussbaum, 306 F.Supp. 66, N.D.Cal.1969; United States v. Brooks, 415 F.2d 502 (6 Cir. 1969); United States v. Johnson, 302 F.Supp. 584 (M.D.Pa.1969). If it was necessary to the disposition of the defendant's motion in the case at bar, this Court would adopt the principles established in the well-reasoned opinions in *Nussbaum, Brooks,* and *Johnson.*

However, in the instant case it is significant that, unlike the factual situations in the aforementioned cases, the challenged member's presence on the board was not necessary to constitute a quorum, nor was his vote a deciding one. Even if Keefe's vote is disallowed, a lawful body was assembled that unanimously agreed on the defendant's classification. The lack of prejudice, alone, warrants a denial of the motion to dismiss.

The defendant recognizes that the vote, excluding Keefe's, may stand legally, but argues that Keefe's probable participation in the discussion preceding the vote fatally infected the entire decision-making process, rendering the classification invalid. He likens a draft board to a judge and jury, and cites a number of venerable English and American cases which set aside judgments rendered by a biased judge or improperly constituted jury. But in those cases, among other things, the bias was directly related to

the disposition, the harm was evident, and no retroactive wholesale invalidations resulted.

A more persuasive practical analogy is to a malapportioned legislature. "The acts of such a legislature are not invalid and the laws which it passes are not null and void. The acts of a malapportioned legislature or local or county commission or board are acts of a de facto political authority and valid * * *." Clay v. United States, 397 F.2d 901, 911 (5 Cir. 1968), remanded on other grounds sub nom. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1164, 22 L.Ed.2d 297 (1969). See also Jessen v. United States, 242 F.2d 213 (10 Cir. 1957); United States v. Richmond, 274 F.Supp. 43 (C.D. Cal.1967).

Accordingly, the defendant's motion to dismiss is denied.