UNITED STATES of America,
Plaintiff-Appellee,

v.

Frederico G. RANDACCIO, Defendant-Appellant.

No. 351, Docket 35251.

United States Court of Appeals,
Second Circuit.

Argued Jan. 20, 1971.

Decided March 24, 1971.

H. Kenneth Schroeder, Jr., U. S. Atty. for the Western District of New York, for plaintiff-appellee.

Herald Price Fahringer, Buffalo, N. Y. (Frank G. Raichle, Buffalo, N. Y., on the brief), for defendant-appellant.

Before MEDINA, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial by the United States District Court for the Western District of New York of a motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure for a new trial on the ground of newly discovered evidence. The appellant was convicted of conspiring to commit a robbery which would affect interstate commerce in violation of 18 U.S.C. § 1951 (1964) and to transport stolen goods in interstate commerce in violation of 18 U.S.C. §§ 371 and 2314 (1964). The conviction was affirmed by this court, United States v. Caci, 401 F.2d 664 (2d Cir. 1968), but the Supreme Court vacated the decision and remanded the case to the district court for an evidentiary hearing on the question of whether the conviction should be set aside on the ground that the government's evidence was based upon unlawful electronic eavesdropping. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969).

After a hearing on the remand the District Court held that no evidence was unlawfully used and that determination is not an issue here. However the hear-

ing revealed the existence of logs of surveillance showing that appellant was a regular visitor at a woman friend's apartment on Essex Street in Buffalo, New York, where he claims to have been on February 5, 1965, while the meeting on which the government based its conspiracy charge was taking place at another location. Appellant contends that these logs constitute newly discovered evidence of a custom or habit which gives so much support to his alibi as to entitle him to a new trial.

We disagree and affirm the district court's denial of appellant's motion for a new trial.

For a new trial to be granted on the ground of newly discovered evidence, "(1) the evidence must have been discovered since the trial; (2) it must be material to the factual issues at the trial, and not merely cumulative * * *; (3) it must be of such a nature that it would probably produce a different verdict in the event of a retrial. United States v. Costello, 255 F.2d 876 (2 Cir.), cert. denied 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958)." United States v. Polisi, 416 F.2d 573, 576–577 (2d Cir. 1969). Appellant's evidence fails to satisfy any of these requirements.

A review of the record shows that what appellant claims to be newly discovered evidence is no more than a new approach to facts already known to the appellant at the time of the trial. Before the trial, counsel for the appellant had been given copies of the surveillance logs for the entire month of February 1965. Among these logs was one which showed that the appellant had been overheard at his woman friend's apartment on February 5, 1965 at 7:50 p. m. The log then indicated that the television was turned up loud and played continuously until 12:16 a. m. when the appellant was heard to leave. The men who conducted the monitoring stated that they did not hear Randaccio leave the

apartment during the evening. However neither did they hear anything which would indicate his continued presence in the apartment between 7:50 p. m. and 12:16 a. m. The testimony of the government informant, Pascal Calabrese, placed Randaccio at the conspiratorial meeting at 60 Manchester Place at about 8:30 p. m. The meeting place is about nine-tenths of a mile from the Essex Street address. Thus as far as the surveillance logs go, it was possible that appellant left the Essex Street apartment sometime after 7:50 p. m., went to Manchester Place and returned before 12:16 a. m.

We reject the argument that the surveillance logs showing appellant present at the Essex Street address almost every Friday night establish a "pattern of conduct" which constitutes "newly discovered evidence" of sufficient cogency to justify the granting of a new trial.

Order and conviction affirmed.