**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph AIUPPA, Defendant-Appellant.
No. 363–70.**

United States Court of Appeals,
Tenth Circuit.

March 31, 1971.

Rehearing Denied May 10, 1971.

894

E. Edward Johnson, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for plaintiff-appellee.

Maurice J. Walsh, Chicago, Ill. (Carl M. Walsh, Chicago, Ill., and Joseph J. Poizner, Kansas City, Kan., of counsel, on the brief), for defendant-appellant.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

BREITENSTEIN, Circuit Judge.

The case is here for the third time. Defendant Aiuppa was charged by information with the possession and transportation of over 500 mourning doves on October 1, 1962, in violation of 16 U.S.C. § 703. We reversed his first conviction because evidence was received of an unlawful search and seizure. Aiuppa v. United States, 10 Cir., 338 F.2d 146. On retrial, the objectional evidence was excluded and the jury again found him guilty. The court sentenced him to three months imprisonment and fined him $500 on the first count (possession). On the second count (transportation) a $500 fine was imposed. We affirmed the conviction. Aiuppa v. United States, 10 Cir., 393 F.2d 597.

It appears from the uncontroverted statement of counsel in the record that in response to the petition for certiorari to review our last mentioned decision, the Solicitor General informed the Court that:

"We have the duty however to advise the Court that on December 5, 1961, prior to the commission of the offense involved herein, the Petitioner was overheard by an electronic device installed by trespass in a commercial establishment."

The Supreme Court granted certiorari, vacated our judgment, and remanded the case to the district court for further proceedings in conformity with Alderman v. United States, Ivanov v. United States, and Butenko v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176. See Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297, which disposed of a number of cases including Aiuppa v. United States.

On remand the defendant filed a motion for production of material relating to electronic surveillance. The court held a hearing and among other things ordered defendant to file a list of places where he thought such surveillance might have occurred. He did so. The

government responded with an affidavit of the Director of the Bureau of Sport Fisheries and Wildlife stating that the defendant "was not directly covered by electronic surveillance and furthermore that none of his conversations were monitored by electronic surveillance devices" used by bureau agents. The written response of the United States Attorney stated that the United States Department of Justice including the Federal Bureau of Investigation had not conducted any surveillance of the defendant, his premises, his agents, or his employees since December 5, 1961, and that no surveillance had been conducted by the United States Treasury Department.

The government filed and furnished to defense counsel a log or transcript of a conversation in which defendant participated and which took place in the Armory Lounge, Forest Park, Illinois, on December 5, 1961. The United States Attorney said "that the log furnished is the only such record of any such surveillance or monitoring made by or in the possession of any government agency." The log is a part of the record and is described by defense counsel in their brief as "apparently innocuous insofar as this prosecution is concerned."

The court conducted a hearing at which no evidence pertaining to surveillance was offered or received. Thereafter it made findings of fact and conclusions of law and held that all materials as to which the defendant had any standing to object had been furnished him; that no evidence adduced at the trial stemmed from electronic surveillance; that the conviction of the defendant was in no way tainted by such surveillance; that all government evidence "had an origin independent from any electronic surveillance"; and that there was "no relevancy in any of the material from the electronic surveillance log to any evidence offered at the trial of the defendant's case."

We agree with the trial court. A review of the transcript of the trial and of the proceedings on remand convinces us that the conviction of the defendant was not tainted by any electronic surveillance. The record of the December 5, 1961, conversation in an Illinois lounge has no relevance to any violation of the migratory bird laws some ten months later in Kansas.

The defendant now argues that the remand order was not satisfied because the government made no attempt to support by evidence the statements made in the government's response to the motion to produce. He says that the full extent of the electronic eavesdropping cannot be known without evidence of the source, or the disposition of the original or other records of the material. We believe that the district court correctly interpreted and applied the rationale of Alderman and Giordano. The government conceded the Fourth Amendment violation and the only question was the relevancy of the material obtained. After a disclosure by the government, an examination of that material by the defense, and an adversary hearing, the court held that the material was not relevant to, and did not taint, the trial. In the circumstances we see no reason for the defense to be given an opportunity to cross-examine the agents who made the tapes or the custodians thereof, or to inspect the original tapes. The trial court was convinced, and we are also, of the competence and trustworthiness of the government's response and disclosure.

Our decision in United States v. Alderisio, 10 Cir., 424 F.2d 20, is not contrary to the views expressed herein. In that case there was surveillance before and during the trial. Defense counsel were furnished logs and airtels. An airtel is an interoffice memorandum compiled from original tapes. The airtels showed conversations not noted in the corresponding logs. We remanded for the trial court to check the completeness of the logs against the airtels. In the case at bar nothing indicates any logs or airtels which were not furnished to defense counsel. The single monitored conversation took place many months before the trial.

United States v. Schipani, 2 Cir., 362 F.2d 825, reversed 385 U.S. 372, 87 S.Ct. 533, 17 L.Ed.2d 428, is not in point. That was a prosecution under the internal revenue laws and a screening of certain materials under the Jencks Act, 18 U.S.C. § 3500. In camera proceedings were held by the trial court with the prosecutor, but not defense counsel, present. The court of appeals criticized the procedure but found no prejudice to the defendant. The Supreme Court summarily reversed. In the case at bar the court made no in camera inspection. The log of the conversation was turned over to defense counsel and an adversary hearing was held thereafter.

■ In affirming the conviction of Aiuppa after the second trial we rejected the claim that the jury was influenced by newspaper publicity unfavorable to the defendant. Aiuppa v. United States, 10 Cir., 393 F.2d 597, 603–604. That trial took place in Fort Scott, Kansas, and the claimed adverse articles were in Kansas City newspapers. At the second hearing on remand, defense counsel made an oral motion for new trial on the basis that, in considering the prejudicial publicity issue, both the trial and appellate courts were misled by lack of knowledge of the circulation of the Kansas City papers in the Fort Scott area. An offer was made of an unauthenticated statement of the circulation of two Kansas City newspapers in Fort Scott and Bourbon County, Kansas. The court rejected the offer and denied the motion for new trial.

We decline to review the matter again. United States v. Scardino, 5 Cir., 414 F.2d 925, is not in point. We have here no supervening change in fact or law. This is not a case of newly discovered evidence. No showing is made that the facts as to newspaper circulation in the area were unavailable at the time of the trial. We adhere to our statement that "there is nothing in the record to indicate that the jurors were exposed to the newspaper articles in question." 393 F.2d 604.

Affirmed.