**UNITED STATES of America**

v.

**Paul ENTEN et al.**

**Crim. No. 166–71.**

United States District Court,
District of Columbia.

Oct. 8, 1971.

See also, D.C., 322 F.Supp. 249.

Harold J. Sullivan, Asst. U. S. Atty., Major Crimes Div., William E. Reukauf, Asst. U. S. Atty., Washington, D. C., for United States.

Thomas A. Wadden, Jr., Washington, D. C., for defendant Paul Enten.

Leslie Scherr, Washington, D. C., for defendant Michael Lemonakis.

MEMORANDUM OPINION

SIRICA, District Judge.

As set forth in the Order filed July 27, 1971 by this Court, the United

States, upon an application of the United States Attorney and his assistants which was supported by affidavit of Richard G. Kleindienst, Deputy Attorney General of the United States, delivered to the Court a sealed exhibit containing logs of telephone conversations in which defendant Paul Enten was one of the conversing parties.

■ In conformity with Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) this Court reviewed the sealed exhibit to determine whether the surveillance was lawful. Insofar as that determination is concerned, "a finding by the District Court that the surveillance was lawful would make disclosure and further proceeding unnecessary." Giordano v. United States, 394 U.S. 310, 313, 89 S.Ct. 1163, 1165, 22 L.Ed.2d 297 (1969). After thoroughly considering the sealed exhibit and affidavit in support thereof, this Court finds, for the following reasons, that the surveillance was lawful and enters this memorandum opinion, the following to constitute findings of fact and conclusions of law as ordered in *Alderman.*

■ In his affidavit, the Deputy Attorney General represents that the surveillance involved in this case "was authorized by the President of the United States, acting through the Attorney General in the exercise of his authority relating to the nation's foreign affairs as set forth in 18 U.S.C. 2511(3)." The issue then presented is whether the Attorney General's authorization of a wiretap for the purpose of gathering foreign intelligence information violates the Fourth Amendment. This issue has been considered by a number of courts including the District Court and the Court of Appeals in United States v. Clay, 430 F.2d 165 (5th Cir. 1971), 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971).[1] In an unreported decision in

*Clay,* the District Court Judge, Judge Ingraham said:

Whether the Attorney General's authorization of a wiretap for the purpose of gathering foreign intelligence information violates the Fourth Amendment is an issue of extreme gravity. It has never been decided by the Supreme Court, and this court will not speculate on the direction in which the Justices will lean. See concurring opinion of Justice Stewart in Giordano v. United States, *supra,* 394 U.S. at 314–315, 89 S.Ct. 1163. The court is aware, of course, of the abuses possible should an Attorney General authorize extensive wiretaps under the guise of collecting foreign intelligence information. But the court also recognizes that such investigations are, in many instances, vital to the maintenance of national security.

The court agrees with the government's counsel that in determining whether to employ wiretapping, the President or the Attorney General must make a judgment based on foreign policy considerations. It would not be feasible for the executive to attempt to bring to the court's attention all the factual and policy considerations supporting the decision. Moreover, it is the executive, not the judiciary, which alone possesses both the expertise and the factual background to assess the reasonableness of such a surveillance. From a purely practical standpoint, it is ridiculous to place on a United States Commissioner the burden of deciding what is and what is not a threat to national security. The court does not believe the judiciary should question the decision of the executive department that such surveillances are reasonable and necessary to the protection of the national interest.

For those reasons, the district court held that the surveillance in question

---

1. The Supreme Court's grant of certiorari in *Clay* did not include this issue among the issues the Court agreed to review.

was lawful and, accordingly, the log of the conversation overheard need not be disclosed.

On review, the Court of Appeals held that the surveillance to obtain foreign intelligence information involved in that case was not ". . . forbidden by the Constitution or by statutory provision, including 47 U.S.C. § 605." 430 F.2d at 172.

The Court has considered the positions advanced by counsel for both parties in this case including their authorities and has concluded that the surveillance involved in this case was lawful.

Accordingly, for the same reasons set forth in the Clay decisions previously discussed herein, defendant's motion for discovery and inspection of the logs is denied.