**UNITED STATES of America,**
**Plaintiff,**

v.

**Theodore CRUTCHER, Jr., Defendant.**

**No. 71–CR–190.**

United States District Court,
E. D. Wisconsin.

Feb. 3, 1972.

**582**

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Shellow & Shellow, by D. Winthrop Hass, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant in this action is charged with a violation of 50 U.S.C. App. § 462 as a result of his alleged failure to report for induction into the armed forces. He has filed a motion for discovery and inspection, pursuant to Rule 16, Federal Rules of Criminal Procedure, in which he seeks the production of an extensive list of documents and other materials.

The government has indicated that it will voluntarily supply the defendant with all the requested information that is in the possession or control of the government. The only exceptions are information which concern the race of the members of the Wisconsin local board number 45, who have served since April 17, 1969, and the results of FBI investigative reports together with the names of the FBI agents who conducted the investigation, the names of the persons contacted by the FBI, and the dates and places of the contacts.

■ The defendant contends that the race of the members of the local draft board is material to a determination that the board was lawfully constituted pursuant to 50 U.S.C. App. § 460(b) (3) at the time it exercised jurisdiction over him. A registrant does not have the right to be classified or inducted by a local selective service board which is composed of racial groups which bear the same percentage as to the total population of the community. Clay v. United States, 397 F.2d 901 (5th Cir. 1968), remanded sub nom. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969).

■ The information sought to be discovered in paragraph seven facially appears to be the sort of reports and other internal documents that are not subject to discovery under Rule 16(b), Federal Rules of Criminal Procedure. However, the defendant's brief explains that he is merely asking for exculpatory evidence which is in the government's possession or control, and for any statements of prospective government witnesses. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The demand of paragraph seven is far different from that explained in the defendant's brief. The motion as framed in paragraph seven may not be granted. The denial of this motion does not mean, however, that the government will be relieved of its customary duty in this court to exhibit prospective witnesses' statements to defense counsel 24 hours before the trial. This has been required in the court's standing final pretrial order. See United States v. Jepson, 53 F.R.D. 289 (E.D.Wis.1971); United States v. Cullen, 305 F.Supp. 695 (E.D.Wis. 1969).

Therefore, it is ordered that the defendant's motion for discovery be and hereby is denied.