**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Samuel Joseph GIORDANO, Defendant-Appellant.**

No. 71-2032.

United States Court of Appeals, Sixth Circuit.

April 28, 1972.

Harry Kobel, Detroit, Mich., for defendant-appellant; Rosin & Kobel, Detroit, Mich., on brief.

Clyde B. Pritchard, Detroit, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief; Laurence Leff, Alfred G. Kaufman, Jr., Sp. Attys., U. S. Dept. of Justice, Detroit, Mich., of counsel.

Before CELEBREZZE and PECK, Circuit Judges and McALLISTER, Senior Circuit Judge.

PER CURIAM.

In 1964 Appellant was convicted of conspiring to conceal and concealing property belonging to the estate of a bankrupt. We affirmed the convictions, United States v. Ayotte, 385 F.2d 988 (6th Cir.1967). During the time a petition for certiorari was pending, the Government disclosed that a conversation in which Appellant took part had been illegally monitored by electronic means. In light of this disclosure the Supreme Court granted certiorari, vacated the judgment of this Court and remanded the case to the District Court for proceedings, in conformity with Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969).

In the District Court on remand it was shown that the original tape recordings of the conversation had been lost. "Logs" or partial records of the tape had been compiled and made available to the Court and Appellant. The District Court concluded, after examining the logs and hearing a lone government witness, that the Government had successfully borne its burden and shown that tainted evidence did not contribute to Appellant's conviction.

On appeal we again remanded the matter to the District Court. We indicated that where neither the original tapes nor a complete transcript could be made available, the logs would be acceptable to show what evidence was obtained from the electronic surveillance only where it was demonstrated that "the 'logs' were the only records of the conversations available to the agents who investigated the case," and that "the 'monitors' . . . responsible for preparing the 'logs' from the tapes, did not communicate, orally or otherwise, any information other than that contained in the 'logs' to those investigating the case." United States v. Giordano, 440 F.2d 449 (1971).

At the latest hearing all those F.B.I. officials involved in the electronic surveillance and in the investigation of Appellant testified and were subject to cross examination by Appellant's counsel. The Government introduced strong proof that only the logs or memoranda prepared directly from the logs and containing only the information set out in such logs were available to the investigating agents. Nothing contained in these logs or memoranda appears to prejudice Appellant in any way. Based on the evidence introduced at the hearing, the District Court entered a new judgment of conviction.

We said in remanding this case to the District Court:

"[I]f the Government can show that 'logs' of a monitored conversation were the only records of it that were available to the agents who investigated the case, and that the 'logs' do not contain matter prejudicial to the defendant, then the Government is entitled to a judgment." 440 F.2d 449, 451.

The District Court held that the evidence introduced satisfactorily discharged the burden placed upon the Government. We agree. The judgment of the District Court is affirmed.