Pasquale A. NATARELLI, a/k/a Pat Natarelli, Appellant,

v.

UNITED STATES of America, Appellee.

No. 781, Docket 74-2667.

United States Court of Appeals, Second Circuit.

Argued March 18, 1975.

Decided May 14, 1975.

---

Salten Rodenberg, Buffalo, N. Y., for appellant.

Gerald J. Houlihan, Asst. U. S. Atty. (Richard J. Arcara, U. S. Atty. for the Western District of New York, of counsel), for appellee.

Before SMITH and TIMBERS, Circuit Judges, and WEINSTEIN,* District Judge.

J. JOSEPH SMITH, Circuit Judge:

In 1967, Pasquale Natarelli and four co-defendants were charged in a two-count indictment with conspiracies to interfere with commerce by threats or violence [1] and to transport stolen property in interstate commerce.[2] A jury re-

---

* Of the Eastern District of New York, sitting by designation.

1. Count one was premised on 18 U.S.C. § 1951:

§ 1951. Interference with commerce by threats or violence

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or im-

prisoned not more than twenty years, or both.

\* \* \* \* \* \*

2. Count two alleged a conspiracy under the general conspiracy statute, 18 U.S.C. § 371, to violate 18 U.S.C. § 2314. The statutes provide:

§ 371. Conspiracy to commit offense or to defraud United States

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the con-

turned a verdict of guilty on both counts, and the United States District Court for the Western District of New York, the late John O. Henderson, Chief Judge, sentenced Natarelli to concurrent terms of twenty years on count one and five years on count two—the maximum sentences permissible under the applicable statutes. On direct appeal, the judgments of conviction were affirmed by this court, United States v. Caci, 401 F.2d 664 (2d Cir. 1968). That judgment was vacated by the Supreme Court as to Natarelli and one co-defendant, Randaccio, and their cases were remanded to the district court for an evidentiary hearing to determine if their convictions should be set aside on account of unlawful electronic eavesdropping. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969). The district court denied their motions for a new trial; only Randaccio took an appeal, and this court affirmed the district court's decision. United States v. Randaccio, 440 F.2d 1337 (2d Cir. 1971) (*per curiam*).

In September, 1974, Natarelli moved, pursuant to 28 U.S.C. § 2255,[3] that the district court vacate the sentence and direct a resentencing on the ground that, in violation of Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), Judge Henderson had imposed a separate sentence for each count even though the proof showed only a single conspiracy.

The evidence at trial, as described in some detail in our opinion in United States v. Caci, *supra*, 401 F.2d at 665–67, showed that Natarelli and his co-conspirators, meeting in Buffalo in February, 1965, hatched a plan whereby several of their number would travel to Los Angeles, commit two robberies and transport the proceeds back to Buffalo. The intended victims were the armed transport service carrying the daily receipts of the Beverly Hilton Hotel, and a wealthy guest at the hotel known for her expensive jewelry. Various events thwarted the plan, and neither robbery was accomplished. The agreement to rob the armed transport service constituted the conspiracy alleged in count one of the indictment, and the agreement to transport to Buffalo the proceeds of the jewel robbery served as the basis for count two.

In response to the claim raised in Natarelli's § 2255 motion, the district court, Harold P. Burke, Judge, reviewed the trial record and concluded that there was indeed but one conspiracy which had two criminal objects. However, relying on Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947), the court held that Natarelli was precluded from making this collateral attack on his sentence because of his failure to raise the point on direct appeal. Therefore, it denied him any relief to which he might otherwise be entitled under *Braverman, supra.* We reverse the determination that Natarelli's failure to raise his *Braverman* claim on direct appeal bars him from raising it now, and we hold that Natarelli should be resentenced.

---

spiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

\* \* \* \* \* \*

§ 2314. Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting
Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud;

\* \* \* \* \* \*

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

\* \* \* \* \* \*

3. § 2255. Federal custody; remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

\* \* \* \* \* \*

## I. THE GOVERNMENT'S CONCESSIONS.

In its brief on appeal, the government purports to concede (a) that the district court erred in its determination that Natarelli is precluded from raising his *Braverman* claim at this stage of the proceedings, and (b) that the imposition of two sentences was contrary to *Braverman*. It contends, however, that the proper remedy here is not a remand for resentencing, but rather a vacation of the conviction and five-year sentence under count two.

■■■ We agree that the failure of Natarelli to raise the *Braverman* claim on direct appeal does not preclude his present claim.[4] In addition, we accept the government's concession that there was but one agreement in this case, and hence one conspiracy,[5] and that the sentence imposed by Judge Henderson was therefore contrary to the doctrine of *Braverman*:

> Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which

the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.

317 U.S. 49 at 53, 63 S.Ct. at 102.

## II. THE REMEDY.

The government urges that we vacate the five-year sentence on count two and let stand the twenty-year sentence on count one. It reasons that the sentence on count two was not tainted by evidence relating to count one, since all the evidence would have been admissible even if only one count had been charged, and that a single twenty-year sentence would effectuate Judge Henderson's clear intent.

■■■ The government's "lack of taint" argument relies on cases such as United States v. Berlin, 472 F.2d 1002, 1009–10 (2d Cir.), cert. denied, 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973), and United States v. Marino, 421 F.2d 640, 642 (2d Cir. 1970) (*per curiam*), holding that, where there was a conviction on multiple counts, some of which

4. The government yielded this point in response to Natarelli's citation of Gorman v. United States, 456 F.2d 1258 (2d Cir. 1972) (*per curiam*). That was a § 2255 proceeding attacking the imposition of pyramided sentences for a multiple-count bank robbery conviction in violation of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). The conviction had been affirmed on direct appeal without challenge to the sentencing, United States v. Gorman, 355 F.2d 151 (2d Cir. 1965), cert. denied, 384 U.S. 1024, 86 S.Ct. 1962, 16 L.Ed.2d 1027 (1966); the Prince claim was first raised in the § 2255 proceeding. This court, reciting the case's history, considered Gorman's Prince claim on its merits without referring to the effect of his failure to raise it on direct appeal.

On its face, Gorman seems difficult to reconcile with the familiar admonition that § 2255 may not be used to challenge errors not raised on direct appeal, Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); United States v. West, 494 F.2d 1314 (2d Cir. 1974); United States v. Gordon, 433 F.2d 313 (2d Cir. 1970) (*per curiam*), unless there was an error of significant constitutional dimension, Kaufman v. United States, 394 U.S. 217, 223, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), a trial defect not correctible on appeal, or a failure to appeal

excusable for exceptional circumstances, United States v. Sobell, 314 F.2d 314, 323 (2d Cir.), cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1963). None of these circumstances apply here, nor did they in Gorman. That entire line of authority, however, may fairly be distinguished by virtue of the fact that here, as in Gorman, the claim goes to the illegality of the sentence itself, and not to trial errors tainting the underlying conviction. Thus, whether or not a § 2255 motion is available to Natarelli here, we could clearly permit him to proceed by considering his motion as a motion to correct an illegal sentence under Rule 35, Fed.R.Crim.P. ("The court may correct an illegal sentence at any time. . . .") Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 453, 3 L.Ed.2d 407 (1959). That was the view of this court in a similar situation in United States v. Coke, 404 F.2d 836, 847–48 (2d Cir. 1968) (*en banc*); we adopt it here, and hold that it was error for the district court to deny Natarelli's motion because of his failure to raise the point on direct appeal.

5. The Court in Braverman itself proceeded on "the Government's concession . . . that only a single agreement to commit the offenses alleged was proven." 317 U.S. at 52, 63 S.Ct. at 101.

are affirmed on appeal and some reversed, there is no need to remand for resentencing on the affirmed counts unless there is reason to believe that the court's sentence on those counts was influenced by evidence pertaining to the reversed counts. This reasoning is not responsive to the problems here, however, since we are not reversing the conviction on either count.[6] Indeed, both convictions could stand under a single general sentence. United States v. Gorman, 456 F.2d 1258, 1259–60 (2d Cir. 1972) (*per curiam*); United States v. Corson, 449 F.2d 544, 551 (3d Cir. 1971) (*en banc*).

Similarly, we cannot agree completely with the government's contention that Judge Henderson's intent was crystal clear. If that were the case, we might well agree that a remand for resentencing would be a waste of time.[7] Here, however, while it might appear that the imposition of maximum sentences on both counts is evidence that Judge Henderson wanted to impose the limit on

Natarelli, the fact that the sentences were imposed concurrently rather than consecutively belies that conclusion. There is nothing in the record before us to support the government's suggestion that Judge Henderson imposed concurrent sentences because he thought that consecutive sentences would violate *Braverman*.[8]

Since it was the sentencing itself that was illegal, United States v. Corson, *supra,* 449 F.2d at 551, since the error was not cured by the existence of concurrent sentences, United States v. Mori, 444 F.2d 240, 245 (5th Cir.), cert. denied, 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187 (1971), and since we cannot pin down the sentencing court's intention with sufficient certainty, the most suitable remedy is to remand the case with directions to the district court to vacate the sentences and to resentence Natarelli after review of the record and pre-sentence report and allocution.[9]

Reversed and remanded.

---

**6.** Similarly inapplicable are cases relied on by the government involving either the *Prince* problem of pyramided sentences for multiple-count bank robbery convictions or convictions for both a greater and a lesser included offense where the court simply vacated the sentence on the "lesser" offense. United States v. Pravato, 505 F.2d 703, 705 (2d Cir. 1974) (bank robbery); United States v. Rosenthal, 454 F.2d 1252, 1255–56 (2d Cir.), cert. denied, 406 U.S. 931, 92 S.Ct. 1801, 32 L.Ed.2d 134 (1972) (failure to file income tax return as lesser included offense of tax evasion). In this case, neither offense is lesser or greater; even if we were to put aside the problems inherent in the "merger" theory, *see,* United States v. Corson, 449 F.2d 544, 549–50 (3d Cir. 1971) (*en banc*), there is no basis for determining which offense should be merged into which.

**7.** *See,* United States v. Gorman, *supra,* 456 F.2d 1258. That case involved multiple-count

bank robbery convictions—the *Prince* situation—and the district court sentenced the defendant to fifteen years imprisonment on the more aggravated count and three minutes probation on the less aggravated. This court held that the trial court's attempted solution of the *Prince* dilemma was improper, but refused to remand for resentencing, since the trial court's "intentions were crystal clear, and remand would be needlessly time consuming and a meaningless act." *Id.* at 1260.

**8.** *Compare,* United States v. Gorman, *supra,* where the trial judge's actions obviously represented an attempt to grapple with the *Prince* problem.

**9.** That we are remanding for resentencing does not indicate an opinion that a twenty-year sentence would be excessive.