**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Timothy J. WYLDER, Defendant-Appellant.**

**No. M–84–419–PA.**

United States District Court, D. Oregon.

July 18, 1984.

Charles H. Turner, U.S. Atty., Kenneth C. Bauman, Asst. U.S. Atty., Kathryn S. Burton, Legal Asst., Portland, Or., for plaintiff-appellee.

Timothy J. Wylder, Portland, Or., pro se.

## OPINION AND ORDER

PANNER, District Judge.

Defendant appeals from a decision of the Honorable Edward Leavy, United States Magistrate, convicting him of violating 16 U.S.C. § 718(a) (1982). I AFFIRM Magistrate Leavy's decision.

### FACTS

On January 15, 1984, the defendant was hunting migratory waterfowl at Howell Lake, a privately owned duck hunting club in Yamhill County, Oregon. Agent Jerry Woods of the United States Fish and Wildlife Service was on the property performing routine checks for valid hunting licenses. As defendant left with his two companions, Agent Woods stopped their car and requested to see their hunting licenses and duck stamps. Defendant did not have a valid duck stamp in his possession. Agent Woods issued a citation charging defendant with hunting migratory waterfowl without a valid migratory bird hunting stamp (duck stamp) in his possession as required by 16 U.S.C. § 718(a) (1982).

Defendant entered a plea of not. guilty and appeared at a hearing before Magistrate Leavy on March 15, 1984. Defendant moved to suppress the testimony of Agent Woods on the ground that Agent Woods

did not have a search warrant to search the area in which he apprehended defendant, in violation of the fourth amendment and 16 U.S.C. § 706. Magistrate Leavy denied defendant's motion. The case proceeded to trial, and Magistrate Leavy found defendant guilty and fined him $95. Defendant appeals on the ground that the Magistrate erred in denying his motion to suppress.

## STANDARD OF REVIEW

█ This court has jurisdiction of this appeal pursuant to 18 U.S.C. § 3402 (1982). The scope of review on appeal is the same as on an appeal from a judgment of a district court to a court of appeals. Rule 7(e), Rules of Procedure for the Trial of Misdemeanors before United States Magistrates (1980). Accordingly, I give *de novo* consideration to defendant's legal contentions.

## DISCUSSION

### I. *Defendant's Fourth Amendment Claim.*

Defendant claims that Agent Woods's search violated the fourth amendment under the test set forth in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In *Katz*, the United States Supreme Court held that a determination of whether an intrusion is an unreasonable search depends on one's actual subjective expectation of privacy and whether that expectation is objectively reasonable. *Id.* at 361, 88 S.Ct. at 516. Defendant also asserts that the *Katz* privacy approach has superseded the open fields doctrine established in *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). In *Hester*, the Court held that "the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects,' is not extended to the open fields." *Id.* at 59, 44 S.Ct. at 446. Defendant submits that he had a subjective and objectively reasonable expectation of privacy at Howell Lake since it is a private hunting club.

The Supreme Court recently decided *Oliver v. United States*, —— U.S. ——, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), and held that the government's intrusion upon the open fields is not one of those "unreasonable searches" proscribed by the fourth amendment. *Id.* at ——, 104 S.Ct. at 1740. The Court also stated, "We conclude that the open fields doctrine, as enunciated in *Hester*, is consistent with the plain language of the Fourth Amendment .... Moreover, Justice Holmes' interpretation of the amendment in *Hester* accords with the 'reasonable expectation of privacy' analysis developed in subsequent decisions of this Court." *Id.* at ——, 104 S.Ct. at 1744. Agent Woods's activities at Howell Lake did not violate the fourth amendment.

### II. *Defendant's Section 706 Claim.*

Defendant argues that, regardless of the fourth amendment, Agent Woods's search violated 16 U.S.C. § 706 which provides:

> Any employee of the Department of the Interior authorized by the Secretary of the Interior to enforce the provisions of this subchapter shall have power, without warrant, to arrest any person committing a violation of this subchapter in his presence or view ... and shall have authority, with a search warrant, to search any place.

There are two cases construing section 706. In *Aiuppa v. United States*, 338 F.2d 146 (10th Cir.1964), agents searched a car at night on the defendant's property. The court held that the agents had to obtain a warrant under section 706 before they could search. *Id.* at 148. The fourth amendment would also have required a warrant in this situation.

In *United States v. Swann*, 377 F.Supp. 1305 (D.Md.1974), the defendant was convicted of aiding and abetting the taking of migratory waterfowl by using bait. Agents entered the property without a warrant and took some of the bait as evidence. The court did not believe that section 706 created a requirement for a warrant when one would not have been required under the fourth amendment. *Id.* at 1307.

928

■ The facts in this case more closely parallel *Swann* than *Aiuppa*. Under the fourth amendment no search warrant was necessary. Section 706 does not require one.

### CONCLUSION

Since Agent Woods's actions did not violate the fourth amendment or 16 U.S.C. § 706 (1982), Magistrate Leavy was correct in denying the motion to suppress. I AFFIRM the conviction.

IT IS SO ORDERED.